JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KINGKINER TREE SERVICE, LLC

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ANTHONY SHERR, ESQUIRE
STEFANIE SHERR, ESQUIRE
SHERR LAW GROUP, LLP, 101 W. AIRY STREET

## DEFENDANTS
NEW JERSEY MANUFACTURERS INSURANCE GROUP AND XL INSURANCE AMERICA, INC.

County of Residence of First Listed Defendant: **MERCER (NJ)**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
INSURANCE CONTRACT COVERAGE DISPUTE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** OVER $75,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/12/2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature] Anthony Sherr*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __6 PEAR TREE LANE, LAFAYETTE HILL, PA 19444__

Address of Defendant: __~~301~~ SULLIVAN WAY, WE~~ST TREN~~TON, NJ 08628 1__

Place of Accident, Incident or Transaction: __724 NORRISTOWN ROAD, HORSHAM, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/15/2022__     _[signature]_     __44603__
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
1. [X] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Anthony R. Sherr__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: __8/15/2022__     _[signature]_     __44603__
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kingkiner Tree Service LLC | : | CIVIL ACTION |
| v. | : | |
| New Jersey Manufacturers Insurance Group And XL Insurance America, Inc. | : | NO. 2022- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See§ 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus- Cases brought under 28 U.S.C.§ 2241 through§ 2255.   ( )

(b)  Social Security- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)  Arbitration- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e)  Special Management- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f)  Standard Management- Cases that do not fall into any one of the other tracks.   ( X )

| 08/15/2022 | Anthony Sherr, Esquire | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 484-591-3001 | 484-210-0099 | tsherr@sherrlawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

| | |
|---|---|
| SHERR LAW GROUP, LLP<br>By: Anthony Sherr, Esquire<br>Identification No. 44603<br>Lisa Ondich, Esquire<br>Identification No. 38567<br>Stephanie Sherr, Esquire<br>Identification No. 327824<br>101 W. Airy Street, Ste. 100<br>Norristown, PA 19401<br>(484) 591-3002 | Attorneys for Plaintiff<br>Kingkiner Tree Services LLC |

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KINGKINER TREE SERVICE LLC<br>6 Pear Tree Lane<br>Lafayette Hill, PA 19444<br>　　　　　Plaintiff<br><br>　　vs.<br><br>NEW JERSEY MANUFACTURERS<br>INSURANCE GROUP<br>301 Sullivan Way<br>West Trenton, NJ 08628<br><br>and<br><br>XL INSURANCE AMERICA, INC.<br>70 Seaview Avenue<br>Stamford, CT 06902<br>　　　　　Defendants | NO.: 2022-<br><br>JURY TRIAL DEMANDED |

**COMPLAINT - CIVIL ACTION**

Plaintiff, Kingkiner Tree Service LLC ("Plaintiff"), by and through its

undersigned attorneys, hereby brings its Complaint for a Declaratory Judgement and Bad Faith against New Jersey Manufacturers Insurance Group and XL Insurance America, Inc. (collectively, "Defendants"), as follows:

## Parties

1. Plaintiff is a Pennsylvania corporation with an address of 670 Ridge Pike, Lafayette Hill, PA, 19444.

2. Defendant New Jersey Manufacturers Insurance Group ("NJM Insurance") is an insurance company with a principal place of business located at 301 Sullivan Way, West Trenton, NJ, 08628. NJM regularly conducts business in the Eastern District of Pennsylvania.

3. Defendant XL Insurance America, Inc. ("XL Insurance") is a property-casualty insurance company with its principal place of business at 70 Seaview Avenue, Stamford, CT, 06902. Defendant XL Insurance regularly conducts business in the Eastern District of Pennsylvania.

4. Defendant XL Insurance is believed to be subsidiary of Axa S.A., a French multinational insurance firm.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon the diverse citizenship of the parties, and the amount in controversy, which exceeds $75,000.00, exclusive of interest and costs.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, based upon the state law cause of action.

7. Venue is proper in this Court as Defendants engage in substantial business activity in this district and a substantial part of the events or omissions giving rise to the claims occurred within this district. 28 U.S.C. § 1391(b).

## Facts

8. Kingkiner was the Named Insured under a Workers Compensation and Employers Liability Insurance Policy issued by NJM Insurance known as Policy No. W39727-3-21 ("NJM Policy"), which was effective from February 22, 2021 until February 22, 2022. A true and correct copy of which is attached hereto and designated as Exhibit A.

9. Kingkiner was the Named Insured under a Commercial General Liability Policy issued by XL Insurance known as Policy No. NGL-1000879-02 ("XL Policy"), which was effective from July 1, 2021, to July 1, 2022. A true and correct copy of which is attached hereto and designated as Exhibit B.

10. On or about September 6, 2021, during the period that Defendants' insurance policies were in effect, an accident involving a Kingkiner employee Santos Rufino Rosales occurred in Montgomery County, Pennsylvania.

11. Mr. Rosales died as a result of this accident.

12. The vehicle/machine involved in this accident was purchased, owned, and maintained by Kingkiner.

13. At the time of the accident, the vehicle/machine was being operated by an employee of Kingkiner.

14. At the time of the incident, Kingkiner's employees including Mr. Rosales were riding on the vehicle/machine.

15. On or about September 7, 2021, Kingkiner notified Defendant NJM Insurance of the accident and a claim pursuant to the Workers' Compensation and Employers Liability Policy was submitted to Defendant NJM Insurance.

16. On or about October 11, 2021, Defendant NJM Insurance denied Kingkiner coverage for the claim on the grounds that Mr. Rosales "did not suffer a work-related injury" and defined injury to include "aggravation of a pre-existing condition or disease contracted as a result of employment." A true and correct copy of which is attached hereto and designated as Exhibit C.

17. On or about March 23, 2022, Mr. Santos's widow commenced an action against Kingkiner personally, for negligence, wrongful death, and survival before the Court of Common Pleas of Philadelphia County, PA at February Term No. 2807 ("Santos Estate Action"). A true and correct copy of which is attached hereto and designated as Exhibit D.

18. The Santos Estate Action is presently pending before the Court of Common Pleas of Philadelphia County.

19. As a result of the lawsuit against Kingkiner, on or about March 25, 2022, a request for coverage was made under its Commercial General Liability Policy which it had with Defendant XL Insurance.

20. On or about April 11, 2022, Defendant XL Insurance denied Kingkiner coverage for defense costs under the Commercial General Liability Policy on the grounds that the Santos Estate Action alleged that Mr. Rosales was acting in the scope of his employment and that "there is no coverage (including 'defense costs') available for this matter" because the policy "excludes all losses relating to any obligation of the insured under a workers' compensation." A true and correct copy of which is attached hereto and designated as Exhibit E.

21. Kingkiner requested that Defendant NJM Insurance provide it coverage for the defense and indemnification for the Santos Estate Action on or about March 29, 2022.

22. After an unreasonable delay, on or about May 26, 2022, Defendant NJM Insurance declined coverage to Kingkiner on the basis that the Santos Estate Action's "negligence claims are not claims for which NJM could ever be obligated to pay [because] they are not covered by the policy and there is no duty to defend them." A true and correct copy of this letter is attached hereto and designated as Exhibit F.

23. In the May 26 letter, NJM Insurance futilely stated it had "instructed its coverage counsel, Richard J. Williams, Jr., Esq., of the law firm McElroy, Deutsch, Mulvaney & Carpenter, LLP, to assist" Kingkiner's defense counsel. See Exhibit F.

24. Upon information and belief, it is averred that Mr. Williams is not licensed to practice law in the Commonwealth of Pennsylvania.

25. By letter dated June 1, 2022, Kingkiner once again demanded defense and indemnification to the Santos Estate Action under the coverages set forth in Part Two, Employer's Liability Insurance of the Workers Compensation and

6

Employers Liability Insurance Policy. A true and correct copy of this letter is attached hereto and designated as Exhibit G.

26. On or about June 8, 2022, Kingkiner requested that XL Insurance reconsider its coverage decision as for the Santos Estate Action as a result of the position taken by the plaintiffs in the Santos Estate Action, and the allegations of the Complaint in that action. *See* Exhibit H.

27. After repeated phone calls and emails, Defendant XL Insurance, through its agent, indicated that it would reconsider its opinion on or about July 1, 2022.

28. To date, Defendant XL Insurance has not provide its insured Kingkiner with an updated opinion regarding coverage for the Santos Estate Action.

29. Defendant NJM Insurance, issued a second declination letter on or about, July 6, 2022, once again denying coverage for the Santos Estate Action, but on a different basis from the basis stated in its original letter. A true and correct copy of this letter is attached hereto and designated as Exhibit I.

30. As a result of Defendants' refusals to provide a defense to Kingkiner, Kingkiner hired the undersigned to represent its interests in the Santos Estate Action.

## COUNT ONE
## <u>DECLARATORY JUDGMENT – KINGKINER V. NJM INSURANCE</u>

31. Kingkiner incorporates by reference the preceding allegations of the Complaint as if fully set forth herein at length.

32. Defendant NJM Insurance has refused to provide Kingkiner with a defense and indemnification for the Santos Estate Action.

33. NJM Insurance denied coverage despite its obligation to provide coverage for law suits.

34. At all times material to this action, Kingkiner employed Mr. Rosales and was insured by NJM Insurance.

35. It is believed and therefore averred that as a result of Defendant NJM Insurance's wrongful refusal to provide workers compensation benefits, the Santos Estate Action commenced against Plaintiff.

36. Due to Defendant NJM Insurance's refusal to provide a defense and refusal to reconsider its position, Kingkiner has no adequate remedy at law and is being irreparably harmed.

37. As a result of NJM Insurance's refusal to honor its obligation to provide a defense in the Santos Estate Action, Kingkiner has suffered and will continue to suffer damages, including, but not limited to costs and expenses it is and will continue to incur in defending the Santos Estate Action.

8

38. Kingkiner therefore requests this Court to enter a declaratory judgment in favor of it and against Defendant NJM Insurance declaring that Defendant NJM Insurance holds a duty to fully defend and indemnify Kingkiner, in connection with the Santos Estate Action under Defendant NJM Insurance's Workers' Compensation and Employers Liability Policy, and to award Kingkiner its out-of-pocket costs and legal fees as taxable costs.

**WHEREFORE**, Kingkiner's counsel requests this Court to enter a judgment on behalf of Kingkiner and against NJM Insurance, declaring that it is required to provide a defense to Kingkiner in the Santos Estate Action and to reimburse Kingkiner for its expenditures to defend the Santos Estate Action, plus interest and costs of this action, including but not limited to reasonable attorney's fees and such other relief as this Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT – KINGKIINER V. XL INSURANCE**

39. Kingkiner incorporates by reference the preceding allegations of the Complaint as if fully set forth herein at length.

40. Defendant XL Insurance has wrongfully denied coverage for Kingkiner for the Santos Estate Action, despite its obligation to provide coverage under the Commercial General Liability Coverage.

9

41. At all times material to this action, Plaintiff employed Mr. Rosales and was insured by Defendant XL Insurance.

42. Due to Defendant XL Insurance's refusal to provide a defense and refusal to reconsider its position, Kingkiner has no adequate remedy at law and is being irreparably harmed.

43. As a result of Defendant XL Insurance's refusal to honor its obligation to provide a defense in the Santos Estate Action, Kingkiner has suffered and will continue to suffer damages, including, but not limited to costs and expenses it is and will continue to incur in defending the Santos Estate Action.

44. Kingkiner therefore requests this Court to enter a declaratory judgment in favor of Plaintiff and against Defendant XL Insurance declaring that Defendant XL Insurance holds a duty to fully defend and indemnify Kingkiner, in connection with the Santos Estate Action under Defendant XL Insurance's Commercial General Liability Policy, and to award Kingkiner its out-of-pocket costs and legal fees as taxable costs.

**WHEREFORE**, Kingkiner's counsel requests this Court to enter a judgment on behalf of Kingkiner and against XL Insurance, declaring that it is required to provide a defense to Kingkiner in the Santos Estate Action and to reimburse Kingkiner for its expenditures to defend the Santos Estate Action, plus interest and

costs of this action, including but not limited to reasonable attorney's fees and such other relief as this Court deems just and proper.

## COUNT THREE
## ACTION ON INSURANCE POLICY – BAD FAITH
## VIOLATION OF 42 PA. CONS. STAT. § 8371 – KINGKINER V. NJM INSURANCE

45. Kingkiner incorporates by reference the preceding allegations of the Complaint as if fully set forth herein at length.

46. As an insurance company conducting business in Pennsylvania, Defendant NJM Insurance owed Kingkiner a fiduciary duty to act in good faith, and for the interests of its insured.

47. Defendant NJM Insurance has acted in bad faith by refusing to provide workers compensation benefits, dilatory communication, incorrect interpretations of its obligations under its Workers Compensation and Employer Liability Insurance Policy, and refusal to fully defend and indemnify Plaintiff in the Santos Estate Action by among other things:

   a. Failing to honor Plaintiff's repeated demands for coverage because of erroneous interpretations of the facts, the allegations in the lawsuit, and how they apply to coverage;
   b. Failing to provide a reasonable explanation of the denial of coverage under the policy of insurance;
   c. Arbitrarily denying coverage for the claims due to internal errors;

11

    d. Recklessly or deliberately mishandling Plaintiff's demand to confirm coverage for defense and indemnification under the policy for the Santos Estate Action;

    e. Placing their own financial interest in saving costs and exposure on the claim above Plaintiff's right to coverage as its insured;

    f. Placing Plaintiff's assets at risk of a potential multi-million dollar judgment to minimize their own exposure to risk;

    g. Wrongfully offering the services of an attorney not licensed to practice law in Pennsylvania;

    h. And such other acts and omissions as will be set forth during the pendency of this matter.

48. Furthermore, Defendant NJM Insurance had no reasonable basis for denying coverage under Workers Compensation and Employers Liability Policy, and Defendant NJM Insurance knew or should have known that they lacked a reasonable basis to deny Kingkiner's claim for coverage for its potential vicarious liability for the acts of its employees.

49. As such, Defendant NJM Insurance's conduct constitutes bad faith in violation of 42 Pa. C.S. § 8371, under which they are liable to Kingkiner for interest, punitive damages, Court costs and reasonable attorneys' fees incurred in this matter.

**WHEREFORE** as a result of Defendant NJM Insurance's actions and inactions, Kingkiner has suffered damages for, including but not limited to, attorneys' fees and out of pocket costs, to obtain confirmation of the coverage

afforded to Kingkiner by Defendant NJM Insurance under the Workers Compensation and Employers Liability Policy, costs and expenses incurred in defending the Santos Estate Action exposes its assets to a verdict and judgment for which coverage should be provided and for any and all other damages.

**COUNT FOUR**
**ACTION ON INSURANCE POLICY – BAD FAITH**
**VIOLATION OF 42 PA. CONS. STAT. § 8371 – KINGKINER V. XL INSURANCE**

50. Kingkiner incorporates by reference the preceding allegations of the Complaint as if fully set forth herein at length

51. As an insurance company conducting business in Pennsylvania, Defendant XL Insurance owed Kingkiner a fiduciary duty to act in good faith, and for the interests of its insured.

52. Defendant XL Insurance has acted in bad faith by refusing to provide workers compensation benefits, dilatory communication, incorrect interpretations of its obligations under its Commercial General Liability Policy and agree to fully defend and indemnify Kingkiner in the Santos Estate Action by among other things:

> i. Failing to honor Plaintiff's repeated demands for coverage because of erroneous interpretations of the facts, the allegations in the lawsuit, and how they apply to coverage;

j. Failing to provide a reasonable explanation of the denial of coverage under the policy of insurance;

k. Arbitrarily denying coverage for the claims due to internal errors;

l. Recklessly or deliberately mishandling Plaintiff's demand to confirm coverage for defense indemnification under the policy for the Santos Estate Action;

m. Placing their own financial interest in saving costs and exposure on the claim above Plaintiff's right to coverage as its insured;

n. Placing Plaintiff's assets at risk of a potential multi-million dollar judgment to minimize their own exposure to risk;

o. And such other acts and omissions as will be set forth during the pendency of this matter.

53. Furthermore, Defendant XL Insurance had no reasonable basis for denying coverage under the Commercial General Liability Policy, and Defendant XL Insurance knew or should have known that they lacked a reasonable basis to deny Kingkiner's claim for coverage for its potential vicarious liability for the acts of its employees.

54. As such, Defendant XL Insurances' conduct constitutes bad faith in violation of 42 Pa. C.S. § 8371, under which they are liable to Kingkiner for interest, punitive damages, Court costs and reasonable attorneys' fees incurred in this matter.

**WHEREFORE** as a result of Defendant XL Insurance's actions and inactions, Kingkiner has suffered damages for, including but not limited to,

attorneys' fees and out of pocket costs, to obtain confirmation of the coverage afforded to Kingkiner by Defendant XL Insurance under the Commercial General Liability Policy, costs and expenses incurred in defending the Santos Estate Action exposes its assets to a verdict and judgment for which coverage should be provided and for any and all other damages.

## CONCLUSION

Plaintiff Kingkiner Tree Service, hereby demands judgment in its favor against Defendants NJM Insurance and XL Insurance for damages, including but not limited to the costs and expenses it has expended, together with treble damages, punitive damages attorney's fees and interest all in excess of $75,000.00 as well as interest, Court costs, reasonable attorneys' fees incurred in this matter and such other relief as this Court deems just and proper.

Respectfully submitted,

SHERR LAW GROUP, LLP

By: _____
Anthony Sherr, Esquire